United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRUCK-RAIL HANDLING INC., and QUALITY TRANSPORT, INC.

Plaintiffs,

v.

BURLINGTON NORTHERN SANTA FE RAILROAD COMPANY,

Defendant.
_______________________________________/

No. C 02-02825 JSW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CONSPIRACY CLAIM**

**INTRODUCTION**

On March 8, 2005, the Court granted Defendant Burlington Northern Santa Fe Railroad Company's ("BNSF") motion for summary judgment, and granted in part and denied in part the cross motion for summary judgment filed by Plaintiffs Truck Rail Handling ("TRH") and Quality Transport Inc. ("QTI") (collectively "Plaintiffs").

In its order of March 8 (the "March 8 Order"), the Court ordered further briefing from the parties on the conspiracy to monopolize claim because BNSF had not moved on that claim believing that Plaintiffs did not intended to pursue it. (*See* March 8 Order at 24.)

The parties have now submitted the briefing ordered by the Court, and the matter is ripe for disposition. Having considered the parties' pleadings, evidence submitted in support thereof, and relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court GRANTS Defendant's motion for summary judgment on the conspiracy claim.

**ANALYSIS**

United States District Court
For the Northern District of California

The Court has previously recited the relevant facts, procedural history and standards applicable to motions for summary judgment in its March 8 Order and shall not repeat them here. Plaintiffs allege that BNSF engaged in a "conspiracy to monopolize ... the dray and liquid material loading and unloading market," *i.e.* the market for transloading of bulk commodities, in violation of Section 2 of the Sherman Act. (FAC ¶ 68; March 8 Order at 9-10.)[1] In order to prevail on a conspiracy to monopolize claim, Plaintiffs must establish the existence of a combination or conspiracy to monopolize, the specific intent to monopolize, and anti-competitive acts designed to effect that intent. *See Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003); *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1154 (9th Cir. 2003). As with any antitrust claim, Plaintiffs also must establish antitrust injury. *See Paladin*, 328 F.3d at 1158.

Plaintiffs have consistently alleged that the anti-competitive acts in question are BNSF's tying leases for its facilities to the execution of a Transload Service Drayage Agreement (the "TSA"), and that BNSF used the TSA to illegally fix prices. Thus, as with their other claims, Plaintiffs' conspiracy claims rest on BNSF's use of the TSA. The Court already has concluded that the TSA has not been used to effect an illegal tying arrangement. (*Id.* at 18-19.)

Similarly, in its March 8 Order, the Court considered Plaintiffs' alleged price fixing claim from both a horizontal and vertical perspective and found that to the extent Plaintiffs' claims of price fixing were allegations of vertical price fixing, their claims failed because of their failure to prove the relevant market. (March 8 Order at 20 n. 14.) The Court concluded that a claim for horizontal price fixing failed because Plaintiffs had not presented sufficient evidence to show that BNSF actually set the prices of transloading services in the TSA or impinged upon *any* transloader's freedom to set their own prices. (*Id.* at 20.) This latter finding is equally applicable to Plaintiffs' claims of vertical price fixing.

Accordingly, Plaintiffs cannot establish that BNSF engaged in anti-competitive acts designed to effectuate the alleged intent to monopolize. BNSF is entitled to judgment on the conspiracy to monopolize claim as well.

---

[1] In the March 8 Order the Court concluded that Plaintiffs had not met their burden to establish this market as a relevant market for antitrust purposes.

**IT IS SO ORDERED.**

Dated: July 11, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California