1  Joseph M. Alioto SBN 42680
   Joseph M. Alioto, Jr. SBN 215544
2  ALIOTO LAW FIRM
   555 California Street
3  31st Floor
   San Francisco, CA 94104
   Telephone: (415) 434-8900
4  Facsimile: (415) 434-9200

5  John H. Boone SBN 44876
   LAW OFFICES OF JOHN H. BOONE
6  555 California Street
   31st Floor
7  San Francisco, CA 94104
   Telephone: (415) 434-1133
8  Facsimile: (415) 434-9200

9  Richard D. Rosenberg SBN 67336
   ROSENBERG LAW FIRM
10 456 Montgomery Street
   17th Floor
11 San Francisco, CA 94104
   Telephone: (415) 675-7100
12 Facsimile: (415) 421-6651

13 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| TRUCK-RAIL HANDLING, INC., and QUALITY TRANSPORT, INC. <br><br> Plaintiffs, <br><br> v. <br><br> THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, <br><br> Defendant. | COURT FILE NO. C-02-2825-JSW <br><br> **UNCONTESTED MISCELLANEOUS REQUEST TO CONFORM RECORD and [PROPOSED] ORDER** |

Plaintiffs in the above-captioned action submit this Uncontested Miscellaneous Request to Conform Record and [Proposed] Order. In support thereof, Plaintiffs state as follows:

*Uncontested Request to Conform Record (Case No. C-02-2825-JSW)*

1

1. On August 9, 2005 Plaintiffs filed their Notice of Appeal from Judgment entered July 11, 2005.

2. Federal Rule of Appellate Procedure ("FRAP") 10(e)(1) states, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

3. FRAP 10(e)(2) states, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; by the district court before or after the record has been forwarded; or (C) by the court of appeals."

4. On October 24, 2003 the parties appeared before this Court for case management conference ("Conference").

5. At the Conference, defendant's counsel made a statement that was attributed to the Court. In the original transcript (attached as Exhibit A) dated October 24 at 13:24 to 14:2, the Court was quoted as stating:

> The Court: Well, this is a third party the Association of American Railroads have brought. This is totally unrelated to what this suit is about, not likely to lead to discovery. This is a fishing expedition.

6. By letter dated November 7, 2003, plaintiffs' counsel brought the mistake to defense counsel's attention. (Attached as Exhibit B.)

7. By letter dated November 10, 2003 the Court Reporter submitted corrected portions of the transcript to the Clerk. (Attached as Exhibit C.) The correction made is as follows:

> The Court: Well –
> Mr. Cross: This is a third party the Association of American Railroads have brought. This is totally unrelated to what this suit is about, not likely to lead to discovery. This is a fishing expedition.

8. By letter dated November 11, 2003, defendant's counsel verified that the text attributed to the Court in the transcript was in fact a statement made by defendant's counsel. (Attached as Exhibit D.)

Dated: August 26, 2005

ALIOTO LAW FIRM

*/s/ Joseph M. Alioto, Jr.*
Joseph M. Alioto, Jr.
Counsel for Plaintiffs

IT IS HEREBY ORDERED THAT, in order to present a clean and conformed record on appeal, the corrections identified herein shall be made part of the official and original transcript of the October 24, 2003 conference, with the corrected language substituted directly into the original transcript before being forwarded to the Court of Appeals.

IT IS SO ORDERED.

Dated: ~~August~~ September 1, 2005

*/s/ Jeffrey S. White*
Jeffrey S. White
UNITED STATES DISTRICT JUDGE
by the Hon. Phyllis J. Hamilton

*Uncontested Request to Conform Record (Case No. C-02-2825-JSW)*

3