IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCK-RAIL HANDLING INC., and QUALITY TRANSPORT, INC.<br><br>  Plaintiffs,<br><br>  v.<br><br>BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,<br><br>  Defendant. | No. C 02-02825 JSW<br><br>**ORDER RE BILLS OF COSTS** |

## INTRODUCTION

On March 8, 2005, this Court entered an Order granting in part and denying in part the motion for partial summary judgment filed by Plaintiffs Truck Rail Handling, Inc. and Quality Transport, Inc. (collectively, "TRH") and granting the motion for summary judgment filed by Defendant Burlington Northern and Santa Fe Railway Company ("BNSF").

On July 11, 2005, the Court entered an order granting Defendant's motion for summary judgment on TRH's conspiracy to monopolize claim under Section 2 of the Sherman Act. On that same date, the Court entered judgment in favor of BNSF on TRH's claims and entered judgment in favor of TRH on BNSF's counterclaim for trespass.

On July 25, 2005, each party submitted bills of costs. BNSF opposes TRH's request for costs on the ground that it is not the prevailing party and also objects to the amount of costs sought by TRH. TRH, in turn, objects to the amount of costs sought by BNSF. In addition, although TRH did not initially oppose BNSF's request for costs on this basis, in its reply to

BNSF's objections, TRH claims the Court can exercise its discretion and deny costs to both parties.

## ANALYSIS

### A. BNSF Is The "Prevailing Party."

Pursuant to Federal Rule of Civil Procedure 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). TRH is correct that the Court granted judgment in its favor on BNSF's counterclaim for trespass. However, the majority of the claims in this action were asserted by TRH against BNSF. Specifically, TRH contended that BNSF violated Sections 1 and 2 of the Sherman Act, tortiously interfered with TRH's contracts, and misappropriated TRH's trade secrets. BNSF prevailed on summary judgment on the first three of these causes of action, and the last cause of action was dismissed because TRH abandoned it. Considering the multitude of legal theories on which TRH relied upon to support its antitrust claims and considering the fact that TRH's claims against BNSF predominated in the litigation, the Court finds that BNSF is the prevailing party, notwithstanding the Court's ruling in favor of TRH on BNSF's counterclaim. *See Cornwell Quality Tools Co. v. C.T.S. Co.*, 446 F.2d 825, 833 (9th Cir. 1971) (noting that a court has "broad discretion" in apportioning or taxing costs if neither side completely prevails); *see also Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990) (upholding award of costs to party who prevailed on "majority of claims and the central claims at issue") (citing, *inter alia*, *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974)).

Accordingly, TRH's request for costs is DENIED.

### B. BNSF's Requested Costs.

TRH objects to BNSF's claim for costs in the following categories: clerk fees, court transcripts, photocopying charges, deposition transcripts, and deposition exhibits. The Court overrules the objections to BNSF's requested costs for exemplification. The Court finds that BNSF has adequately demonstrated that it seeks costs to which it is entitled in this category, and the Court further finds that the costs of exemplification are reasonable in light of the record in this case.

The Court, however, sustains the objections to BNSF's request for fees of the clerk, sustains in part the request for transcript fees, and sustains in part the objections to BNSF's fees for depositions.

### 1. Fees of the Clerk

BNSF has claimed $210.00 in fees to the clerk for "appearances and *pro hac vice* appearances." There is a split of authority as to whether a prevailing party can recover the fees incurred for *pro hac vice* appearances. *Compare Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003) (viewing cost of *pro hac vice* application as "expense of counsel for the privilege of practicing law in" the court) (quoting *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994); *Eagle Ins. Co. v. Johnson,* 982 F. Supp. 1456, 1458-60 (M.D. Ala. 1997) *with Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 181 (D. Kan. 1996) (reasoning that because plaintiff selected forum and compelled defendant to defend in that forum, *pro hac vice* fees were awardable as costs).

Northern District Local Rule 54-3(a) does not include fees for applications to appear *pro hac vice* as awardable costs. Although the Court recognizes that TRH chose the forum, in light of Local Rule 54-3(a) and the reasoning that a *pro hac vice* fee normally is an expense of counsel for the privilege of litigating in a court, the Court declines to award these fees to BNSF.

### 2. Transcripts.

Local Rule 54-3(b) permits recovery of costs for transcripts that are necessarily obtained for an appeal or that are a statement by a judge from the bench, when counsel is directed to prepare the formal order. N.D. Civ. L.R. 54-3(b)(1), (2). "The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." *Id.*, 54-3(b)(3). Of the three transcripts identified in BNSF's bill of costs, the Court concludes that only the request for the transcript of the hearing on the motion for summary judgment is recoverable under this rule. Further, the Court concludes that BNSF has not adequately demonstrated that the other two transcripts were "necessarily" obtained for use in the case. Accordingly, the Court shall not award BNSF the costs for the transcripts of March 4, 2003 or October 20, 2003.

3

**3. Depositions**

BNSF seeks $28,184.35 in costs associated with depositions taken in the case. Pursuant to Northern District Local Rule 54-3(c)(1), a prevailing party is entitled to the costs "of an original and one copy of any deposition taken for any purpose in connection with the case." *Cf. Alfex Corp. v. Underwriters Laboratories,* 914 F.2d 175, 176 (9th Cir. 1990) (allowing prevailing party costs for copies of depositions). A review of the invoices submitted by BNSF in support of its bill of costs suggests that BNSF seeks costs for an original and more than one copy for many of the depositions taken, including those taken by videotape. It is unclear to the Court, however, exactly how many additional copies are included within BNSF's requested costs.

The Court shall allow BNSF the cost of an original deposition, including any costs associated with videotaping a deposition, one additional copy, and fees charged for delivery or attendance of the court reporter.

The Court will not award costs for compressed transcripts, e-mail delivery, litigation support packages, or unedited ASCII transcripts, as the Court views these expenses to have been incurred for the convenience of counsel. In addition, should BNSF wish to recover costs associated with the depositions of Marc Troy Savage or Joseph Lefferdink, it should submit the invoices associated with those depositions and only seek those categories of costs covered by this Order.

**CONCLUSION**

Accordingly, BNSF is HEREBY ORDERED to submit an amended bill of costs in accordance with this Order by October 3, 2005, including supporting documentation. The Clerk is directed to award such costs to BNSF upon receipt of the amended bill of costs.

**IT IS SO ORDERED.**

Dated: September 20, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4